**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| NICOLE MACIAS, *Registered Agent on behalf of* FINTECH PROTECTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO. 1:26-CV-219-HAB-ALT |

**OPINION AND ORDER**

The matters before the Court are the Motion for Default Judgment (ECF No. 9), Motion for Clerk's Entry of Default (ECF No. 10), Verified Motion for Proceedings Supplemental and Garnishee Interrogatories (ECF No. 13) and Motion to Maintain Confidential Wire Transfer Instructions Under Seal (ECF No. 15), all filed by Nicole Macias, registered agent for Plaintiff Fintech Protective, Inc. Additionally, Magistrate Judge Andrew L. Teel has issued a Report and Recommendation ("R&R") in which he *sua sponte* recommends that the case be dismissed with prejudice as a sanction under Fed. R. Civ. P. 16(f)(1). (ECF No. 8). The R&R was issued on August 18, 2026. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). Macias timely filed an objection on August 19, 2026. (ECF No. 12).

For the below reasons, the Court overrules the objection, adopts the R&R in full, and denies the pending motions as moot.

## I. BACKGROUND

Plaintiff Fintech Protective, Inc. ("Fintech"), proceeding *pro se*, filed its complaint against Defendant Google, LLC on May 5, 2026. (ECF No. 1). On May 7, 2026, the Court issued an order explaining that, because Fintech is a corporation, it may not proceed *pro se* and must retain

counsel. (ECF No. 3 (citing *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008)). The Court afforded plaintiff until May 26, 2026 to retain counsel and for counsel to enter an appearance. (*Id.*) It also warned Fintech that if it failed to retain counsel by the deadline, it risked dismissal of the lawsuit. (*Id.*)

Instead of retaining counsel, on May 14, 2026, Plaintiff filed an amended complaint attempting to reframe the claims as belonging to Nicole Macias ("Macias"), registered agent for Fintech, as opposed to Fintech. (ECF No. 4). She stated that "the corporate entity previously listed as a plaintiff is voluntarily dismissed from this action" and that "Plaintiff, Nicole Carlie Macias. . . will proceed solely in her individual capacity." (*Id.*). On May 20, 2026, the Court issued an order for Plaintiff to appear for an in-person hearing for the purpose of identifying the proper plaintiff to the action. (ECF No. 6). During that hearing, held on June 11, 2026, the Court identified Fintech as the one proper plaintiff to the action. (ECF No. 7). The Court ordered Fintech to retain counsel and to file an amended complaint on or before August 7, 2026. (*Id.*). Fintech failed to do so. Instead, Macias filed a motion for clerk's entry of judgment and motion for default judgment. (ECF Nos. 9,10).

The day after Macias filed her default motions, the Magistrate Judge issued his R&R. The R&R recommends dismissal as a sanction under Federal Rule of Civil Procedure 16(f) "[d]ue to Plaintiff's disregard for this Court's orders (ECF Nos. 3, 7) and the failure to obtain counsel." (ECF No. 8 at 1). The R&R recommends dismissal for the additional reason that the proper plaintiff is Fintech—because "[a] corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court," *Hagerman*, 545 F.3d at 581, and because Fintech has failed to retain counsel, this case cannot move forward. (*Id.* at 3).

Macias submitted an objection to the R&R. (ECF No. 12). The central argument of her objection is that the Court was mistaken in declaring Fintech to be the plaintiff, as opposed to herself. (*Id.*) "Because the R&R relies on this mistaken premise," she argues, "the recommended dismissal cannot be adopted." (*Id.*)

## II. DISCUSSION

When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error in law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 760-61 (7th Cir. 2009). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739.

As noted above, Macias's objection is premised on her contention that the Magistrate Judge was mistaken in finding Fintech—as opposed to Macias herself—to be the plaintiff to this action. The Court disagrees.

To begin with, Macias labels this a "clerical misidentification of the plaintiff on the caption block of the docket." (ECF No. 12). This mischaracterizes the procedural history of this case thus far. As explained in the background section of this opinion, the initial complaint in this case named Fintech as the plaintiff. After the Court issued an Order directing Fintech to retain counsel, Macias filed a new complaint, dismissing Fintech as plaintiff and stating that she was in fact the appropriate plaintiff. Magistrate Judge Teel held a hearing during which he discussed the substance

of the complaint's allegations with Macias and determined that Fintech is the proper plaintiff to bring these claims. Therefore, the decision to include Fintech on the caption as the plaintiff is not a clerical error but rather a reflection of the Court's belief as to the identity of the plaintiff to this action.

To the extent that Macias believes that she is the correct plaintiff to the action, she has not persuaded the Court. At base, both the complaint (for which Fintech was listed as the plaintiff) and the amended complaint (for which Macias was listed as the plaintiff) make the same allegations—that Google obtained access to a confidential valuation of Fintech, and that the improper use of its confidential business information resulted in the collapse of acquisition negotiations for Fintech and another one of Macias's companies. In the original complaint, Fintech claims that, as a result of Google's actions, Fintech lost a business opportunity valued at $190,472,000.00. Compl. at 28. In the amended complaint, Macias alleges that it was she who suffered that loss. Am. Compl. at 28.

During the hearing, Macias acknowledged that the loss of value she claims is loss of value to Fintech itself. As the Magistrate Judge explained, while Macias may feel the effects of a loss of value to the corporation as its sole owner, the loss or gain belongs to the corporation. While a registered agent of a corporation can facilitate its sale, a corporation sells its own assets, not the assets of the registered agent. Further, the corporation was never actually sold, so the loss remains unrealized. By the end of the hearing, Macias said she understood that her corporations are separate legal entities and that she understood that she would need to retain an attorney to represent Fintech in this action.

In her objection, Macias does not mention the hearing or anything the Magistrate Judge said when discussing the case with her and ultimately determining that Fintech is the proper

plaintiff. She also makes no real argument as to why she should be considered the plaintiff in Fintech's place. The closest she gets is to say that, "[u]nder Federal Rule of Civil Procedure 3, party identity is controlled by the amended complaint and not the civil cover sheet." (ECF No. 12). That language does not appear in Rule 3, and Macias provides the Court with no case law to support the idea that whoever is listed as plaintiff in the complaint must be allowed to proceed as plaintiff throughout the litigation. In fact, where the Federal Rules of Civil Procedure do speak on how to determine the appropriate plaintiff to an action, they state that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The Seventh Circuit has interpreted "real party in interest" as "the one who by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Illinois v. Life of Mid-Am. Ins.*, 805 F.2d 763, 764 (7th Cir. 1986) (internal quotation marks omitted). And "when a corporation suffers injury . . . from a third party, it is the corporate entity—not the individual shareholders—who retains the cause of action." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 646 (7th Cir. 2006). The Court is satisfied that the Magistrate Judge correctly determined Fintech to be the real party in interest—and, therefore, the proper plaintiff.

Also in her objection, Macias argues that the "mistaken plaintiff identity . . . prevented the Court from evaluating whether any pleading defect in Plaintiff's complaint could be cured," noting that, "[u]nder federal practice, pro se litigants must be afforded at least one meaningful opportunity to cure any pleading defect unless curing it would be futile." (ECF No. 12 at 3). But the Magistrate Judge did evaluate whether there was any pleading defect that could be cured. After Macias filed a proposed amended complaint, he held a hearing during which he discussed the case with Macias in an attempt to determine whether she could properly bring these claims individually, before concluding that she could not.

The Court acknowledges that dismissal is a severe sanction. However, Plaintiff has now violated two orders directing that Fintech must retain counsel. *See* ECF Nos. 3, 7. In both instances, Plaintiff was warned that failure to retain counsel would result in dismissal of the case. Further, Macias verbally confirmed that she understood the potential consequence during the June 11, 2026 hearing.

Finally, as the Magistrate Judge noted, the case cannot proceed without Plaintiff retaining counsel. The Seventh Circuit has been clear that a "corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court." *Hagerman*, 545 F.3d at 581. "This rule applies even if the corporation is owned by only a few closely related individuals or by a single person who seeks to appear on behalf of the corporation." *United States v. Certain Real Prop.*, 381 F. Supp. 3d 1007, 1008 (E.D. Wis. 2018).

For the above reasons, the Court adopts the Magistrate Judge's recommended disposition of the case. The Report and Recommendation (ECF No. 8) is ADOPTED IN ITS ENTIRETY. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Because the Court dismisses the case, the Motion for Default Judgment (ECF No. 9), Motion for Clerk's Entry of Default (ECF No. 10), Verified Motion for Proceedings Supplemental (ECF No. 13), and Motion to Maintain Confidential Wire Transfer Instructions Under Seal (ECF No. 15) are DENIED AS MOOT.

**SO ORDERED** this 21st day of October 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT